**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TEODORO JOSE MORA,** | : | **No. 3:26cv2417** |
| **Petitioner** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **WARDEN OF PIKE COUNTY** | : | |
| **CORRECTIONAL FACILITY, *et al.*** | : | |
| **Respondents** | : | |

## MEMORANDUM ORDER

Before the court is a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241 filed by Petitioner Teodoro Jose Mora.[1] (Doc. 1). Mora is a native and citizen of Venezuela in the custody of the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE") at the Pike County Correctional Facility. Id. ¶ 11. His petition asserts that he is detained under a section of the Immigration and Naturalization Act that does not apply to him in a manner that violates his Fifth Amendment right to procedural due process. Id.

[1] Federal district courts are authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where the petitioner is detained "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Mora filed the instant petition while detained at Pike County Correctional Facility in Lords Valley, Pennsylvania. (Doc. 1, Pet. ¶ 31). The petitioner challenges his continued immigration detention. Thus, the court has habeas jurisdiction over the petition. Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004).

¶¶ 40–69. After review of the record, the petition will be granted. Mora will be released.

According to Mora's petition, he is 52 years old. Id. ¶ 11. He alleges that he entered the United States on December 23, 2023 near Brownsville, Texas. Id. ¶ 25. Shortly thereafter, on December 26, 2023, he was ostensibly released from federal custody and served with a Notice to Appear. (Doc. 8-3 at ECF p. 2) The Notice to Appear charged the defendant with violating 8 U.S.C. § 1182(a)(6)(A)(i) as being present in the United States without being admitted or paroled. Id. The Notice to Appear set a hearing date almost three years into the future. Id. On September 18, 2026, an immigration judge ordered removal.[2] The removal order is not administratively final.

According to documents supplied by respondents, Mora was taken into ICE custody on July 8, 2026. (Doc. 8-2, I-213 Form at ECF p. 5). ICE officers were surveilling a residence in Lancaster, New York, east of Buffalo, targeting an individual with a "previous Expedited Removal." Id. The record reflects that officers observed an individual with a similar description enter a vehicle along with three other individuals. Id. ICE officers followed the vehicle and conducted

[2] The court confirmed this information using the Executive Office for Immigration Review's case status website by inputting the petitioner's A-number and nationality. *Automated Case Information System*, EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, https://acis.eoir.justice.gov/ (last visited October 1, 2026).

a traffic stop. Id. One of the passengers was the petitioner. Id. He was not the target of ICE's enforcement efforts, yet he has been in the agency's custody since that time. Id.

In its response, the government concedes that Buele Morocho v. Warden Phila. FDC, ___ F.4th ___, 2026 WL 2546223 (3d Cir. Aug. 28, 2026) controls the facts of this case and that Mora's detention is governed by 8 U.S.C. § 1226(a). (Doc. 8 at 1). The government asks that a bond hearing be ordered, but there is no indication that one has been provided in the five weeks since Buele Morocho was decided. Because Section 1226(a) and its implementing regulations "require[ ]" a bond hearing, Borbot v. Warden Hudson Cnty. Corr. Facility, 906 F.3d 274, 278 (3d Cir. 2018), respondent is violating the INA and its implementing regulations by not providing one. See Buele Morocho, 2026 WL 2546223, at *1 (citing 8 U.S.C. § 1226(a)(2); 8 C.F.R. § 1236.1(c)(8)) ("Unlike § 1225(b)(2)(A), § 1226(a) permits discretionary release on bond pending removal proceedings so long as the noncitizen is not a danger or flight risk.").

With respect to the petitioner's due process rights, the court, like the Buele Morocho court, considers the Mathews[3] factors to determine "whether detention without bond of noncitizens who have lived in the United States for extended periods of time with no criminal records violates due process." Id. at *9–10. As

[3] Mathews v. Eldridge, 424 U.S. 319, 335 (1976).

to the first factor, "the private interest that will be affected by the official action," the Buele Morocho court held that "mandatory detention implicates [the] 'constitutionally protected interest in avoiding physical restraint.'" Id. at *9 (quoting Mathews, 424 U.S. at 335; Kansas v. Hendricks, 521 U.S. 346, 356 (1997) (citations omitted)). And so, it does here.

The second factor concerns "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards." Id. (quoting Mathews, 424 U.S. at 335). The Buele Morocho court found such risk exists in situations like here, because of "the absence of an opportunity for a neutral decisionmaker to assess" the dangerousness or flight risk of a defendant. Id.

As to the third factor, "the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail," id. (quoting Mathews, 424 U.S. at 335), the court held that the "legitimate interest in preventing the release of dangerous noncitizens and those who might fail to appear at future hearings does not outweigh the other two factors here, particularly when [the] non-criminal individuals were detained absent evidence that either is dangerous or a flight risk, and the Government has not argued that bond hearings are unduly burdensome." Id. at *10 (citation modified).

On this third factor and the ultimate disposition of this habeas petition, Mora has not been involved with the criminal justice system during his time in the United States. As for risk of flight, there is no evidence that the petitioner resisted ICE officers or was uncooperative in their enforcement efforts. There is also no evidence that he failed to appear at any immigration hearings in the past.

Weighing the Mathews factors, the failure to provide Mora with a bond or custody redetermination hearing violated his right to procedural due process. Buele Morocho, 2026 WL 2546223, at *10. Therefore, his petition will be granted. Habeas courts "have the power to order the conditional release of an individual unlawfully detained—though release need not be the exclusive remedy and is not the appropriate one in every case in which the writ is granted." Boumediene v. Bush, 553 U.S. 723, 779 (2008). In this case, only immediate release will remedy the due process violation that Mora has experienced.

Consequently, it is hereby **ORDERED** that:

1) Teodoro Jose Mora's petition for writ of habeas corpus, (Doc. 1), is **GRANTED**;

2) The government shall immediately release Mora from its custody;

3) On or before October 5, 2026, the government shall file a declaration or affidavit pursuant to 28 U.S.C. § 1746 confirming that Mora has been released;

4) The government shall release Mora under the same conditions that existed prior to his detention, including release: (1) in an area where the petitioner resides or where he has access to means of interstate transportation; (2) without the imposition of additional conditions; (3) with all clothing and outerwear worn at the time of the detention or other appropriate attire; and (4) with all personal property, including, but not limited to, any driver's license, passport, immigration documents, currency, or cell phone that was seized at the time of detention and that is currently in their custody, possession, or control, whether maintained directly by respondents or by any contracted or affiliated facility;

6) The Clerk of Court is directed to enter judgment in accordance with this memorandum order; and

7) The Clerk of Court is directed to **CLOSE** this case.

**Date:** 10/2/26

**BY THE COURT:**

**JUDGE JULIA K. MUNLEY**
**United States District Court**